## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 C 11697 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, et al., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated herein, Defendants ZCMS-US (No. 262), DG-Direct (No. 196), blivsm-US (No. 181), Malife Direct (No. 229), and JonTurn Direct Shop (No. 224)'s motion to dismiss [56] is granted. Defendants Dreamyo (No. 202), Injury (No. 219), Jails (No. 220), and LiaoFire (No. 227)'s motion to dismiss [70] is denied as moot due to the voluntary dismissal [117] of those defendants pursuant to settlement. Defendant AqualtraDirect (No. 177)'s motion to dismiss [71] is likewise denied as moot due to the voluntary dismissal [121, 122] of that defendant pursuant to settlement.

## STATEMENT

In this "Schedule A" case, Plaintiff, Bestway Inflatables and Material Corp. ("Bestway"), sued 322 defendants, including the five moving defendants ("Defendants"), for alleged violations of Plaintiff's trademark rights. Defendants sell parts and accessories for above-ground pools via internet storefronts on third-party platforms, including Amazon.com. Plaintiff's claims arise out of Defendants' Amazon listings, which use Plaintiff's "Bestway" trademark. Most defendants did not appear, and the Court entered default judgment against the non-appearing defendants. The moving defendants contend that Plaintiff fails to state a claim. The Court agrees.

### I.    Background

Plaintiff sells above-ground swimming pools. It has registered the trademark "Bestway" in connection with that business. Defendants sell parts and accessories for above-ground swimming

pools via their Amazon storefronts. Each of Defendants' Amazon listings states in some way that their products are compatible with Bestway pools or meant for use in Bestway pools. ZCSM-US's listing states that its cup holders are "[p]erfect for above ground pools of brands such as Bestway, Intex, Funsicle, Summer Waves . . . Coleman, etc." (Mot. to Dismiss Ex. 1, ECF No. 56-1.) DG-Direct's listings state that its pool plunger valve is "for Intex/Bestway/Coleman Pool[s]" and its pool pipe holder is "for Intex Bestway Coleman Above Ground Pool." (*Id.*, Ex. 2, ECF No. 56-2.) Blivsm-US's listing states that its pool parts kit is "for Intex/Bestway." (*Id.* Ex. 3, ECF No. 56-3.) Malife Direct's listings state that its pool pipe holder is "[c]ompatible with Intex, Bestway and Coleman above ground pools." (*Id.* Ex. 4, ECF No. 56-4.) JonTurn Direct Shop's listings state that its pool hose adapter is "for Bestway for Coleman for Intex" and its joint hose connector is "for Intex Bestway Coleman." (*Id.* Ex. 5, ECF No. 56-5.)

## II.    Legal Standards

A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To state a claim, the plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration marks omitted). This requires the plaintiff to make factual allegations that "raise a right to relief above the speculative level." *Id.* Stated differently, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court may consider, "in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Plaintiff asserts claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125, for trademark infringement and false advertising, as well as a claim for violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*. All three claims require Plaintiff to establish the same two elements: (1) ownership of a valid, protectable trademark and (2) "a likelihood of confusion caused by the alleged infringer's use of the disputed mark." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023); *see Packman v. Chicago Trib. Co.*, 267 F.3d 628, 638 n.8 (7th Cir. 2001); *Ent. One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 949

(N.D. Ill. 2019); *Monster Energy Co. v. Zheng Peng*, No. 17-CV-414, 2017 WL 4772769, at *3 (N.D. Ill. Oct. 23, 2017).

It is undisputed that Plaintiff owns a valid, protectable trademark. To establish a likelihood of confusion, Plaintiff must show that consumers who might purchase the parties' products "would likely attribute them to a single source." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 425 (7th Cir. 2019). Courts use the following seven factors to assess the likelihood of confusion: "(1) similarity of the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the senior user's mark; (6) existence of actual confusion; and (7) the intent of the defendant to 'palm off' its product as that of another." *Grubhub*, 80 F.4th at 847. None of the factors is dispositive, and courts are free to "assign varying weight to each of" them depending on the circumstances. *Id.* (internal quotation marks omitted).

As a general matter, "it is not trademark infringement for a manufacturer of parts to truthfully inform buyers that its parts will fit the trademarked product of another manufacturer." 3 *McCarthy on Trademarks and Unfair Competition* § 25:51 (5th ed. 2024). For example, the Seventh Circuit has held that "a seller of charts can advertise that its charts are designed to fit a TAYLOR recording device." *Id.* (citing *Taylor Instrument Cos. v. Fawley-Brost Co.*, 139 F.2d 98, 101–02 (7th Cir. 1943)); *see also Hypertherm, Inc. v. Precision Prods., Inc.*, 832 F.2d 697, 700 (1st Cir. 1987) ("In the absence of false representations or palming off, the sale of unpatented replacement parts by one other than the manufacturer of the original equipment is neither unlawful nor actionable. Even if the parts are substandard, the rule holds—so long as their origin is not obscured.") (internal citation omitted). More recently, the Seventh Circuit has explained, in dicta, that, "if a used car dealer truthfully advertised that it sold Toyotas, or if a muffler manufacturer truthfully advertised that it specialized in making mufflers for installation in Toyotas," it would not follow that "Toyota would have a claim of trademark infringement." *Ty Inc. v. Perryman*, 306 F.3d 509, 512 (7th Cir. 2002). However, "the exact language of the advertisement will be carefully scrutinized" to ensure that it is not "confusing as to source, sponsorship, affiliation or approval." *McCarthy*, § 25:51. Thus, "if the parts manufacturer so uses the original manufacturer's trademark as to give the impression that the parts are made or sponsored by the trademark owner, then this is infringement." *Id.* (citing *Piper Aircraft Corp. v. Wag-Aero, Inc.*, 553 F. Supp. 136, 138 (E.D. Wis. 1982), *aff'd*, 741 F.2d 925 (7th Cir. 1984)).

Plaintiff claims that Defendants' use of its Bestway mark falsely implies that Defendants are affiliated with Plaintiff or that their products have a common source. Defendants argue that Plaintiff has not plausibly alleged any likelihood of confusion because their listings plainly used the mark "Bestway" not for any source-identification function as to their own products, but only to indicate that their parts and accessories are compatible with Bestway pools.

Defendants point out that each of their listings referred not only to Bestway pools but also to at least one other manufacturer of above-ground pools, such as Intex or Coleman. They argue

that, given the mention of multiple pool manufacturers, no reasonable factfinder could conclude that there was any likelihood of confusion. They rely in part on *Roku Inc. v. Individuals, Corps., LLCs, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 22-CV-0850, 2022 WL 1598208, at *4 (S.D.N.Y. May 20, 2022), in which the court concluded that the holder of the "Roku" trademark had not shown a likelihood of confusion based only on an Amazon listing of a remote that was listed as "compatible" with Roku TVs, reasoning in part that the fact that the remote had a "Roku channel" button did not communicate sponsorship or a common origin with Roku-manufactured products when there were also buttons for "Netflix, Hulu, [and] Disney+." Additionally, the Court explained, it was clear in context that the defendant's use of the term "Roku" in its listing referred to the plaintiff's "legitimate Roku products," not to the products the defendant was listing for sale. *Id.* at *4. Similarly, Defendants argue, given the mention of multiple pool manufacturers in each of their listings, consumers are not likely to be confused as to whether Defendants' products originated with Plaintiff, as opposed to one of the other mentioned pool manufacturers, and it is clear that the term "Bestway" refers to Plaintiff's pools, not the products Defendants listed for sale.

Plaintiff has not made any non-conclusory factual allegations of actual confusion (factor six) or intent to palm off (factor seven), so the Court puts those factors to one side. A superficial glance at the other likelihood of confusion factors might seem to suggest that they favor Plaintiff: Defendants' listings used Plaintiff's "Bestway" mark (factor one), the Court assumes the mark is strong (factor five), Defendants' products are related to Plaintiff's above-ground pools and meant to be used in conjunction with them (factors two and three), and consumers clicking an internet listing for relatively cheap pool parts and accessories might be expected to exercise little care (factor four). But any such assessment would fail to account for context and common sense: the listings are plainly posted by independent sellers who use Plaintiff's mark in its simple textual form, as well as the marks of competing above-ground pool manufacturers, all of whom are referred to in the same fashion, to inform consumers that their parts will fit the pools of those manufacturers. As in *Roku*, where the existence of buttons for several streaming services meant that there was no likelihood that consumers would be misled to believe that the remote was sponsored by one of them, the mention of one or more of Bestway's competitors alongside Bestway suggests that the "Bestway" mark is used not to indicate sponsorship but only to identify Plaintiff's pools as an example of one kind of pool that Plaintiff's parts and accessories will fit.

There is nothing in the language, typography, or graphic design of the listings that might misleadingly suggest that the term "Bestway" identifies the source of the listed products, rather than the source of certain pools that the listed products will fit. *Cf. Piper*, 741 F.2d at 934-35. If Defendants did something to make the Bestway mark conspicuous as compared with the other information in the listings, such as, for example, putting the term "Bestway" in larger font than the rest of the text, *cf. Envirox, L.L.C. v. Wayne Concept Mfg. Co.*, No. 15-CV-2061, 2015 WL 13604127, at *3 (C.D. Ill. June 15, 2015), then this might be a different case. But defendants simply use the term "Bestway" in plain text, alongside the marks of other, similar pool

manufacturers, to identify the pools their products will work with. Plaintiff cites no cases that have concluded that similar advertisements are misleading or confusing in a similar context.

As *Taylor*, *Hypertherm*, and like cases establish, it is not trademark infringement to truthfully inform buyers that certain parts will fit the trademarked products of another manufacturer, and that is all Defendants did. If Defendants' listings are sufficient to support a plausible claim of trademark infringement—and Plaintiff cites nothing else, in either its complaint or response brief, that it intends to rely on—then it is hard to see how anyone in Defendants' position could sell replacement parts without risking a trademark infringement suit, short of offering an explicit disclaimer—*i.e.*, "These parts are not manufactured by Bestway, Intex, or Coleman." Plaintiff has cited no authority requiring such language in circumstances such as these, nor does the Court see anything plausibly misleading or confusing in Defendant's listings that might require some such corrective disclosure.

In short, Plaintiff relies on nothing other than the use of Plaintiff's trademark in Defendants' listings, but the language of the listing is clear on its face, and neither the text nor the context supports any plausible claim that consumers are likely to be confused by the reference. *See Eastland Music Grp., LLC v. Lionsgate Ent., Inc.*, 707 F.3d 869, 871 (7th Cir. 2013) (reasoning that any allegation of confusion as to the source of the defendant's product based on its title "would be too implausible to support costly litigation"); *Martin v. Wendy's Int'l, Inc.*, 714 F. App'x 590, 592 (7th Cir. 2018) (affirming dismissal of trademark claim under § 1125(a) because the plaintiff's proffered interpretation of the language of the advertisement was not plausible); *see also Fortres Grand Corp. v. Warner Bros. Ent. Inc.*, 763 F.3d 696, 705 (7th Cir. 2014) ("Trademark law protects the source-denoting function of words used in conjunction with goods and services in the marketplace, not the words themselves."). The Court fails to see any basis for a plausible inference of any intent to confuse, existence of actual confusion, or, ultimately, likelihood of confusion.

Because Plaintiff does not plausibly allege that there is any likelihood of confusion as to the origin of Defendants' products, Defendants' motion to dismiss for failure to state a claim is granted. Although both sides have made arguments based on fair use, the Court need not reach any potential fair use issues because Plaintiff has not pleaded sufficient factual content to plausibly allege any likelihood of confusion. *See Roku*, 2022 WL 1598208, at *5.

Regarding some of the remaining defendants, one additional matter deserves mention. Months ago, Defendants DLM Solution (No. 200) and Suviya 88 (No. 239) filed motions for summary judgment on grounds similar to those addressed here. (ECF Nos. 77, 80.) Because those motions were framed in part around a purported dearth of evidence to support Plaintiff's claims, but the parties had not yet had an opportunity to conduct discovery, the Court denied the motions summarily as premature. (Mar. 31, 2025 Minute Entry, ECF No. 94.) The Court does not now address whether the reasoning of the present decision applies equally to the claims against DLM Solution and Suviya 88, but if those defendants believe that it does, they may file renewed dispositive motions.

**SO ORDERED.**                                        **ENTERED: August 15, 2025**

**HON. JORGE ALONSO**
**United States District Judge**